**UNITED STATES DISTRICT COURT**
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

HAROUNA-KONATE,                            Case No. 1:16-cv-895
     Petitioner,

                                                    Dlott, J.
    vs.                                                 Bowman, M.J.

DHS/ICE, et al.,                           **REPORT AND**
     Respondents.                     **RECOMMENDATION**

In this *pro se* action filed by an inmate currently incarcerated at the Butler County Jail in Hamilton, Ohio, the petitioner has stated in a pleading entitled "Petition For A Writ Of Coram Nobis" that he is "a native and citizen of Mauritania" who has been in the custody of the federal Immigration and Enforcement agency (ICE) since April 7, 2016. (*See* Doc. 1, at PAGEID#: 7-8). In the petition, petitioner asserts that he is seeking relief under 28 U.S.C. § 2255 and/or by way of a "writ of coram nobis" under 28 U.S.C. § 1651(a) or a "writ of audita querela." (*See id.*, at PAGEID#: 9-14). Without providing any specific information regarding the circumstances leading to his confinement by ICE, petitioner has generally claimed in the petition that his current custody stems from a guilty plea that he entered in a prior criminal case without being "warned about the collateral consequences [he] would face in the future about deportation from this country." (*Id.*, at PAGEID#: 15). Petitioner alleges that his counsel in that prior proceeding was ineffective for failing to advise him about the risk of deportation and that if had known about that consequence, he would not have entered the plea and instead "would have gone to trial . . . or . . . would have waited for a better plea agreement." (*Id.*). Petitioner cites the Supreme Court's decision in *Padilla v. Kentucky*, 559 U.S. 356 (2010), as support for his claim. (*Id.*).

1

However, he has also suggested that the challenged judgment of conviction became final before *Padilla* was decided by positing various arguments to get around the Supreme Court's ruling in *Chaidez v. United States*, __ U.S. __, 133 S.Ct. 1103 (2013), that *Padilla* announced a new rule which does not have retroactive effect. (*See id.*, at PAGEID#: 16).

Because the petition is devoid of any factual information about the underlying criminal case, the undersigned was unable to determine what type of action the petitioner is bringing; what filing fee, if any, is required to commence this action; or whether this Court even has jurisdiction to entertain this action. Therefore, on September 16, 2016, petitioner was ordered to show cause in writing why the instant action should not be dismissed for lack of jurisdiction. (*See* Doc. 2). This matter is now before the Court on petitioner's response to the show cause order filed October 7, 2016. (Doc. 3).

In his response to the show cause order, petitioner states that the guilty-plea conviction he is challenging in this case was entered by the Hamilton County, Ohio, Court of Common Pleas in Case No. B0606012-B. (*Id.*). Petitioner states that he was convicted of two counts of "Identity Fraud" and one count of "Engaging in a pattern of Corrupt Activity" and was sentenced on August 9, 2007 to an aggregate prison term of ten (10) years on the three counts. (*Id.*). Petitioner also avers that he "initiated the exhaustion requirement in the Hamilton County Court of Common [P]leas at least 2 months ago to no avail" and that the state courts have "ignored the pleadings and have not responded to this date." (*Id.*). Finally, petitioner confirms that his conviction became final *before* 2010, the year *Padilla* was decided. (*Id.*).

Upon review of the Hamilton County Clerk of Courts online docket records for Case No. B0606012-B,[1] it appears that petitioner actually entered a guilty plea to eight counts of identity

---

[1] The online docket records for Case No. B0606012-B can be found at the following website link: https://www.courtclerk.org.

2

fraud, six counts of misuse of credit cards and one count of engaging in a pattern of corrupt activity in exchange for the dismissal of 14 other charges contained in the indictment (*i.e.*, 10 counts of identity fraud and 4 counts of misuse of credit cards), the dismissal of a theft-by-deception charge in another case (Case No. B0603956), and the termination of petitioner's community control in a third case (Case No. B0509096-1). Petitioner was sentenced in Case No. B0606012-B to consecutive prison terms totaling ten (10) years for the three offenses that he mentioned in his response to the show cause order, with credit for 386 days of time served; the sentences for the remaining convictions were to be served concurrently. The Ohio Court of Appeals, First Appellate District, affirmed the trial court's judgment of conviction and sentence in a Judgment Entry filed June 11, 2008. It appears that petitioner did not pursue a further appeal to the Ohio Supreme Court. Moreover, the trial court's records reflect that no further activity has occurred in the case except for a "Motion For Judicial Release," which was filed on August 23, 2012 by an attorney on petitioner's behalf. It appears that the trial court did not rule on that motion. However, at this late juncture, it must be presumed, in accordance with Ohio law, that the motion was denied. *See State v. Olah*, 767 N.E.2d 755, 760 n.2 (Ohio Ct. App. 2001) (and Ohio cases cited therein) (applying the presumption to an outstanding motion in a criminal case that "[w]hen a trial court fails to rule on a motion, the motion will be considered denied"); *State v. Crawford*, No. 25506, 2013 WL 5532183, at *2 (Ohio Ct. App. Oct. 4, 2013) (same).[2]

      This Court lacks jurisdiction under 28 U.S.C. § 2255 to consider the petitioner's petition because the underlying judgment complained of by petitioner was not entered by this federal district court, but by a state court. Moreover, although this Court is the proper forum to entertain

---

[2] *Cf. Edwards v. Warden, Ross Corr. Inst.*, No. 1:08cv850, 2009 WL 6600255, at *5 (S.D. Ohio Dec.17, 2009) (Report & Recommendation) (applying the presumption set forth in *Olah* in rejecting the contention that the one-year statute of limitations governing federal habeas petitions was "indefinitely toll[ed]" by a state post-conviction petition that was never ruled on by the trial court), *adopted*, 2010 WL 2519659 (S.D. Ohio June 17, 2010).

3

a petition under 28 U.S.C. § 2254 challenging a judgment entered by the Hamilton County Court of Common Pleas, upon review of the state-court docket records, it appears clear that the Court lacks jurisdiction under § 2254 in this case because petitioner was not "in custody" pursuant to the state court's judgment when he initiated this action in September 2016, *after* he had fully served the 10-year sentence with 386 days of credit for time served that was entered by the trial court on August 9, 2007.  *Cf. Ikharo v. DeWine*, No. 2:12cv489, 2013 WL 2620264, at *2 (S.D. Ohio June 11, 2013) (Report & Recommendation) (and cases cited therein) (holding that "[w]hen a petitioner's sentence for a conviction has fully expired, the conviction may not be directly challenged because the petitioner is no longer 'in custody' pursuant to that conviction," and that the petitioner's immigration status constituted a "collateral consequence of his conviction that [was] insufficient to satisfy the 'in custody' requirement") (internal citation and quotation marks omitted), *adopted*, 2013 WL 3814272, at *3 (S.D. Ohio July 22, 2013); *see also Ogunwomoju v. United States,* 512 F.3d 69, 74-75 (2nd Cir. 2008) (citing *Resendiz v. Kovensky*, 416 F.3d 952, 956-58 (9th Cir. 2005); *Broomes v. Ashcroft*, 358 F.3d 1251, 1254 (10th Cir. 2004); *United States v. Esogbue*, 357 F.3d 532, 534 (5th Cir. 2004); *Kandiel v. United States,* 964 F.2d 794, 796 (8th Cir. 1992)) (joining sister circuits in holding that "one held in immigration detention is not 'in custody' for the purpose of challenging a state conviction under § 2254").  *Cf. United States v. Abou-Khodr*, No. 99-CV-81073, 2013 WL 4670856, at *3 & n.1 (E.D. Mich. Aug. 30, 2013) (and cases noted therein) (involving § 2255 motion).  In any event, even assuming, solely for the sake of argument that petitioner still satisfies the "in custody" jurisdictional requirement, the § 2254 petition is nevertheless subject to dismissal under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, because it plainly appears that the action is barred by the applicable one-year statute of limitations governing

4

habeas petitions set forth in 28 U.S.C. § 2244(d) in light of the Supreme Court's *Chaidez* decision holding that *Padilla* is not to be retroactively applied to cases on collateral review. *See Ikharo*, *supra*, 2013 WL 3814272, at *2.

Finally, to the extent that this Court is the proper forum to entertain a petition for writ of coram nobis or audita querela based on petitioner's present confinement by ICE in the Butler County Jail, petitioner has not alleged sufficient facts to show those extraordinary remedies under the All Writs Act, 28 U.S.C. § 1651, are available in the case-at-hand. As discussed in the show cause order issued on September 16, 2016 (*see* Doc. 2, p. 4, at PAGEID#: 34), the writ of coram nobis "is not available in federal courts as a means of attacking a state conviction." *Meyers v. Ohio*, No. 1:14cv01505, 2015 WL 1954546, at *1, *4 (N.D. Ohio Apr. 29, 2015) (quoting *Fegley v. McClain*, No. 86-3196, 1986 WL 17585 (6th Cir. Aug. 13, 1986)); *see also United States v. Watkins-El*, 37 F. App'x 716, 717 (6th Cir. 2002) ("the district court properly noted that the writ [of coram nobis] could not be used to attack [the prisoner's] 1977 state conviction"); *Rawlins v. Kansas*, 714 F.3d 1189, 1196 (10th Cir. 2013) (and Third, Seventh, Fifth and Fourth Circuit cases cited therein) ("federal courts have no jurisdiction to issue writs of coram nobis with respect to state criminal judgments").

Furthermore, the undersigned concludes in accordance with another analogous case discussed in the September 16, 2016 show cause order that the writ of audita querela cannot "be used to attack the validity and collateral consequences of a state conviction because the writ of habeas corpus is the petitioner's '*exclusive* remedy' in that context." (Doc. 2, pp. 5-6, at PAGEID#:  35-36) (quoting *Quintana v. Nickolopoulous*, 768 F. Supp. 118, 120 (D. N.J. 1991) (citing *Wolff v. McDonnell*, 418 U.S. 539, 554 (1974); *Preiser v. Rodriguez*, 411 U.S. 475, 489-91 (1973)) (emphasis in original).  Even assuming that this Court has jurisdiction to consider a

5

petition for a writ of audita querela and that the remedy is available solely for equitable reasons in "extreme cases" to mitigate the collateral immigration consequence of an otherwise valid guilty plea entered in a state criminal proceeding, it appears from the face of the petition that such extraordinary relief is not warranted in this case involving a conviction that became final before *Padilla* was decided. *Cf. United States v. Quintieri*, 547 F. App'x 32, 34 n.1 (2nd Cir. 2013) (noting in an analogous case involving a *Padilla* claim, which was not afforded retroactive application in light of the Supreme Court's *Chaidez* decision, that the petitioner could "not employ the writ of audita querela to circumvent the retroactivity limitations imposed by Congress and the Supreme Court on postconviction remedies"); *United States v. Fraire*, 512 F. App'x 745, 746 (10th Cir. 2013) (holding that the district court correctly denied the petitioner's petition for writ of audita querela because his conviction became final before *Padilla* was decided); *Mora v. United States*, 358 F. App'x 223 (2nd Cir. 2009) (affirming the denial of a petition for writ of audita querela, wherein the petitioner challenged the constitutionality of his federal sentence in light of the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), because "*Booker* does not apply retroactively to cases on collateral review"). *Cf. United States v. Manjang*, 634 F. App'x 528, 530 (6th Cir. 2015) (affirming the denial of a petition for writ of coram nobis alleging ineffective assistance of counsel for failing to advise the defendant of the deportation consequence of his guilty plea because the defendant's conviction became final before *Padilla* was decided); *Aguila v. United States*, 515 F. App'x 803 (11th Cir. 2013) (per curiam) (holding coram nobis relief was unavailable where the petitioner sought the retroactive applicability of *Padilla* to her conviction). Petitioner has alleged no facts even remotely suggesting that this is the type of "extreme case" that could possibly justify issuance of the writ of audita querela.

Accordingly, for the foregoing reasons, because it plainly appears from the face of petitioner's "Petition For A Writ Of Coram Nobis" that this Court lacks jurisdiction to consider the petition challenging the deportation consequences of his guilty plea in Hamilton County Common Pleas Court Case No. B0606012-B, the petition should be dismissed with prejudice at the screening stage.[3] *See* Rule 4, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

### IT IS THEREFORE RECOMMENDED THAT:

1. The petitioner's *pro se* "Petition For A Writ Of Coram Nobis" (*see* Doc. 1, Petition) be **DISMISSED** with prejudice on the ground that this Court lacks jurisdiction to consider it. It is **FURTHER RECOMMENDED** that petitioner's motion for leave to proceed *in forma pauperis* (Doc. 1) be **DENIED** as moot.

2. A certificate of appealability should not issue because petitioner has not stated a "viable claim of the denial of a constitutional right," nor are the issues presented "adequate to deserve encouragement to proceed further." *See Slack v. McDaniel,* 529 U.S. 473, 475 (2000) (citing *Barefoot v. Estelle,* 463 U.S. 880, 893 & n.4 (1983)); *see also* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and, therefore, should

---

[3] It is noted that the since commencing the instant action, petitioner has filed another *pro se* habeas corpus petition under 28 U.S.C. § 2241 with this Court. *See Harouna-Konate v. United States Attorney General*, *et al.*, No. 1:16-cv-982 (Black, J.; Bowman, M.J.). In that case, the petitioner challenges his continued detention by ICE because he has been detained for over six months after the issuance of the final order of removal. *Id.* (Doc. 1). The case has been opened, and the respondents have been ordered to file an answer responding to those allegations. *See id.* (Doc. 2).

**DENY** petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity.  *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

                      s/Stephanie K. Bowman
                      Stephanie K. Bowman
                      United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

HAROUNA-KONATE,  
    Petitioner,

vs.

DHS/ICE, et al.,  
    Respondents.

Case No. 1:16-cv-895

Dlott, J.  
Bowman, M.J.

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.  This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

cbc